# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ENEPI SISNEROZ, et al., | CASE NO. 1:08-cv-01358-SMS PC |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS LEAVE TO PROCEED IN FORMA PAUPERIS |
| v. | (Docs. 2-8) |
| PAM AHLIN, et al., | ORDER DENYING MOTIONS |
| Defendants. | (Docs. 20-22) |
| | ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTIONS FOR PLAINTIFFS VASQUEZ, SUMAHIT, ANGULO, LANGUEIN, SANCHEZ, AND CHAVEZ |
| | (Doc. 1) |

**Order**

**I.     Applications for Leave to Proceed in Forma Pauperis**

Plaintiff Frank Enepi Sisneroz, George Vasquez, Frank R. Sumahit, Michael Angulo, Michael Languein, Jesse Sanchez, and Andrew Chavez ("plaintiffs") are civil detainees proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000).  Plaintiffs have each submitted a signed application to proceed in forma pauperis making the requisite showing, and are hereby granted leave to proceed in forma pauperis. 28 U.S.C. § 1915(a)(1); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

1

1   **II.**   **Motions to Strike**

2         On September 29, 2008, plaintiffs Vasquez and Chavez filed motions to strike from the
3 caption and from this case the word prisoner, and plaintiff Sanchez filed a motion seeking the same
4 relief on October 14, 2008. Plaintiffs are not prisoners, Page, 201 F.3d at 1140, and shall be referred
5 to as civil detainees or detainees. However, because plaintiffs are proceeding pro se and are detained
6 in an institution, this case must retain its PC designation in its case caption for the Court's
7 administrative purposes. Further, some standard orders, such as informational orders, may contain
8 reference to prisoners. In those instances, due to the large volume of pro se cases pending before the
9 Court filed by both prisoners and civil detainees and the need to manage those cases efficiently, the
10 standardized orders cannot be changed. Accordingly, plaintiffs' motions are denied.

11   **III.**   **Severance of Claims**

12         After reviewing the complaint, the Court has determined that each plaintiff should proceed
13 separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that
14 "[p]arties may be dropped or added by order of the court on motion of any party or of its own
15 initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party
16 may be severed and proceeded with separately." Courts have broad discretion regarding severance.
17 See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of
18 Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

19         Plaintiffs are currently detained at Coalinga State Hospital. In the Court's experience, an
20 action brought by multiple plaintiffs proceeding pro se in which the plaintiffs are detained presents
21 procedural problems that cause delay and confusion. Further, the need for all plaintiffs to agree on
22 all filings made in this action, and the need for all filings to contain the original signatures of all
23 plaintiffs will lead to delay and confusion. This is already evidenced by the fact that only five of the
24 seven plaintiffs complied with the Court's order to submit a consent or decline form, and only three
25 of the seven plaintiffs filed motions seeking to strike the word prisoner. Further, plaintiff Angulo
26 has twice refused mail served on him by the Court.

27         Therefore, plaintiffs' claims shall be severed, plaintiff Sisneroz shall proceed as the sole
28 plaintiff in this action, and new actions shall be opened for plaintiffs Vasquez, Sumahit, Angulo,

Languein, Sanchez, and Chavez. <u>Gaffney v. Riverboat Serv. of Indiana</u>, 451 F.3d 424, 441 (7th Cir. 2006). Each plaintiff shall be solely responsible for prosecuting his own action.

### IV. <u>Order</u>

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs' applications to proceed in forma pauperis, filed July 23, 2008, are GRANTED;
2. Plaintiffs Vasquez, Chavez, and Sanchez's motions are DENIED;
3. Plaintiff Sisneroz shall proceed as the sole plaintiff in case number 1:08-cv-01358-SMS PC;
4. The claims of plaintiffs Vasquez, Sumahit, Angulo, Languein, Sanchez, and Chavez are severed from the claims of plaintiff Sisneroz; and
5. The Clerk of the Court is directed to:
    a. Open six separate civil actions for plaintiffs Vasquez, Sumahit, Angulo, Languein, Sanchez, and Chavez;
    b. Assign the new actions to the magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
    c. File and docket a copy of this order in the new actions opened for plaintiffs Vasquez, Sumahit, Angulo, Languein, Sanchez, and Chavez;
    d. Place a copy of the complaint filed on July 23, 2008, in the instant action in the new actions opened for plaintiffs Vasquez, Sumahit, Angulo, Languein, Sanchez, and Chavez; and

///
///
///
///
///
///

   e. Send plaintiffs Vasquez, Sumahit, Angulo, Languein, Sanchez, and Chavez each an endorsed copy of the complaint, filed July 23, 2008, bearing the case number assigned to his own individual action.

IT IS SO ORDERED.

**Dated:   January 28, 2009**       /s/ **Sandra M. Snyder**
                 UNITED STATES MAGISTRATE JUDGE

4